1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                           EASTERN DISTRICT OF CALIFORNIA

10

11   SAVE MART SUPERMARKETS, a              No. 2:20-cv-00353-TLN-AC
     California Corporation,
12
                    Plaintiff,
13                                          **SUA SPONTE REMAND ORDER**
              v.
14
     Arsema M. Asghedom, Mark Doss, and
15   Yordanos M. Gebai,

16                  Defendants.

17

18        This matter is before the Court pursuant to Defendant Arsema M. Asghedom's

19   ("Defendant") Notice of Removal and Motion to Proceed in Forma Pauperis.  (ECF Nos. 1–2.)

20   For the reasons set below, Defendant's Motion to Proceed in Forma Pauperis (ECF No. 2) is

21   DENIED as moot, and the Court hereby REMANDS the action to the Superior Court of

22   California, County of San Joaquin, due to lack of subject-matter jurisdiction.

23
     I.       FACTUAL AND PROCEDURAL BACKGROUND
24

25        On November 4, 2019, Save Mart Supermarkets ("Plaintiff") brought an action for

26   unlawful detainer against Defendant for possession of the real property known 2321-C &D N.

27   Tracy Blvd., Tracy, CA 95376 ("the Property").  (Notice of Removal, ECF No. 1 at 14.)  On

28   February 14, 2020, Defendant filed a Notice of Removal removing this unlawful detainer action

from the San Joaquin County Superior Court.  (ECF No. 1.)

## II.     STANDARD OF LAW

28 U.S.C. § 1441 permits the removal to federal court of any civil action over which "the district courts of the United States have original jurisdiction."  28 U.S.C. § 1441(a).  "Removal is proper only if the court could have exercised jurisdiction over the action had it originally been filed in federal court."  *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

Courts "strictly construe the removal statute against removal jurisdiction," and "the defendant always has the burden of establishing that removal is proper."  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam).  Furthermore, "[i]f the district court at any time determines that it lacks subject matter jurisdiction over the removed action, it must remedy the improvident grant of removal by remanding the action to state court."  *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838, as amended, 387 F.3d 966 (9th Cir. 2004), cert. denied 544 U.S. 974 (2005).

The "presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  *Caterpillar*, 482 U.S. at 386.  Federal court jurisdiction therefore cannot be based on a defense, counterclaim, cross-claim, or third party claim raising a federal question.  *See Vaden v. Discover Bank*, 556 U.S. 49 (2009); *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042–43 (9th Cir. 2009).  Further, "the plaintiff is 'the master of his complaint' and may 'avoid federal jurisdiction by relying exclusively on state law.'"  *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009).

## III.     ANALYSIS

Defendant removed the above-entitled action to this Court on the basis of federal question jurisdiction.  (ECF No. 1 at 2–3; *see also* ECF No. 1-1.)  Defendant argues the Complaint fails to allege compliance with the "Protecting Tenants at Foreclosure Act 2009 ["PTFA"], 12 U.S.C. 5220" when it should have and therefore the case necessarily raises a federal question.  (ECF No. 1 at 2–3.)  However, the face of the Complaint contains only a single claim for unlawful detainer. (ECF No. 1 at 5–8.)  The instant Complaint therefore relies solely on California state law and

does not state any claims under federal law. Based on the well-pleaded complaint rule as articulated above, removal cannot be based on a defense, counterclaim, cross-claim, or third-party claim raising a federal question. *Caterpillar Inc.*, 482 U.S. at 392; *see also Vaden*, 556 U.S. at 49; *Hunter v. Philip Morris USA*, 582 F.3d at 1042–43. Thus, while Defendant contends that the Complaint per force raises a federal question under the PTFA, this assertion relates only to an affirmative defense or potential counterclaim, which cannot be considered in evaluating whether a federal question appears on the face of Plaintiff's Complaint. *See Vaden*, 556 U.S. at 60-62. Further, the Plaintiff is the master of its Complaint and the Court is unable to require Plaintiff to plead specific facts or causes of action. *See Hunter* 582 F.3d at 1042–43.

In short, because the state court Complaint indicates that the only cause of action is one for unlawful detainer, which arises solely under state law, this action does not arise under federal law. There being no apparent grounds for federal jurisdiction, it is appropriate to remand this case, *sua sponte*, for lack of federal subject matter jurisdiction. *See United Investors Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 967 (9th Cir. 2004) ("the district court ha[s] a duty to establish subject matter jurisdiction over the removed action *sua sponte,* whether the parties raised the issue or not.").

**IV.  CONCLUSION**

For the reasons stated above, Defendant's motion to proceed in forma pauperis (ECF No. 2) is DENIED as moot, and the Court hereby REMANDS this action to the Superior Court of California, County of San Joaquin.

IT IS SO ORDERED.

Dated: February 21, 2020

Troy L. Nunley
United States District Judge